# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANE ALLEN,**

                    **Plaintiff,**

**-vs-**                                         **Case No.  6:08-cv-605-Orl-28KRS**

**TRANSWORLD HAIR CLINIC, INC.,**

                      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 13)** |
| **FILED:** | **August 7, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In her answers to the Court's interrogatories, Plaintiff Jane Allen averred that she was owed $1,435.50 in unpaid overtime compensation. Doc. No. 9-2. Defendant Transworld Hair Clinic, Inc. has agreed to pay that amount, plus an equal amount in liquidated damages and attorneys' fees, as party of the settlement agreement. Doc. No. 13-2. Accordingly, because Allen will receive all compensation to which she arguably was due under the FLSA, this case does not involve a compromise and there is no need for judicial scrutiny. *See MacKenzie v. Kindred Hosps. East, LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Because *Lynn's Foods* does not require the Court to approve the remaining provisions of the settlement agreement, I recommend that the Court decline to retain jurisdiction to enforce the Settlement Agreement.[1]

Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to retain jurisdiction to enforce the Settlement Agreement;

---

[1] I note, for example, that the Settlement Agreement contains a confidentiality provision, Doc. No. 13-2 ¶ 9, which is unenforceable in light of the public filing of the Settlement Agreement.

**DISMISS** the case with prejudice as to all parties; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy